## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: _____ |
| v. | ) | |
| | ) | |
| CORELLE BRANDS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C.§§ 1332 and 1441, Defendant Corelle Brands LLC (now known as Instant Brands LLC) ("Corelle") gives notice of the removal of this action from the Connecticut Superior Court, Judicial District of Stamford, No. FST-CV22-6056341-S. As further support of removal of this action, Corelle states:

### I.   BACKGROUND

1.     On or about April 25, 2022, Melissa Barnett ("Plaintiff") filed this product-liability action in the Connecticut Superior Court, Judicial District of Stamford, as docketed at No. FST-CV22-6056341-S. (*See* Ex. A, First Amended Complaint ("FAC"); Ex. B, Docket Sheet.)

2.     Plaintiff alleges she suffered "severe" injury and "extreme pain" on August 9, 2019, when she dropped a bowl manufactured by Corelle, causing it to shatter and impact her hand. (*See* Ex. K, Demand Letter.)

3.     Based on the Summonses and Return of Service filed with the Connecticut Superior Court, it appears that, in April, Plaintiff attempted to serve Corelle with process at the address of 9525 W Bryan Mawr Ave. #300 in Rosemont, Illinois (the "Rosemont Address"). (*See* Ex C, Summons; Ex. D, Am. Summons; Ex. E, Return of Service.)

1

11312213

4.      Corelle, however, does not presently conduct business at the Rosemont Address. Indeed, the facility at the Rosemont Address was shuttered over a year ago—long before Plaintiff filed her Complaint and attempted service.

5.      As such, Corelle was not properly served with the Complaint and Summons, nor did it have any notice of the pendency of litigation until after Plaintiff's motion for default judgment had been granted on June 13, 2022. (*See* Ex. F, Pl.'s Mot. for Default; Ex. G, Or.)

6.      On June 27, 2022, Plaintiff's counsel contacted Corelle's outside counsel via email, providing notice of the suit and the order granting default judgment. (*See* Ex. H, Email Chain.) Corelle's outside counsel noted that Corelle was no longer operating out of the facility at the Rosemont address. (*Id.*)

7.      The next day, Corelle and Plaintiff reached an agreement by which Corelle's outside counsel would accept service of process in exchange for Plaintiff's cooperation in setting aside the default for failure to appear. (*Id.*)

8.      On July 1, 2022, Corelle's outside counsel accepted service of process via email, and later that same day, Corelle's local counsel filed an appearance in the state-court action. (*Id.*; Ex. I, Appearance.) Because judgment had not yet been entered, the filing of an appearance had the automatic effect of setting aside the order granting Plaintiff's motion for default. Simply put, Corelle has appeared and is no longer in default.

II.     **JURISDICTIONAL BASIS FOR REMOVAL**

        **A. Complete Diversity Exists Among the Parties**

9.      Plaintiff is a resident of Connecticut. (FAC ¶ 2.)

10.     Plaintiff indicates her medical expenses resulting from the incident of August 9, 2019, were paid by her insurance through the State of Connecticut. (*See* Ex. K, Demand

11312213

Letter.)

11.     Plaintiff's medical records dating back to at least 2019 indicate Plaintiff lives in Connecticut.

12.     Corelle therefore avers Plaintiff is a citizen of Connecticut.

13.     Corelle is a limited liability company formed in Delaware with its principal place of business in Illinois.

14.     A limited liability company's citizenship for purposes of diversity jurisdiction is determined by the citizenship of its member(s). *See* 28 U.S.C. § 1332(c)(1); *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

15.     Corelle's sole member is Instant Brands Holdings Inc., which is a Delaware corporation with its principal place of business in Downers Grove, Illinois.

16.     Corelle, therefore, is considered a citizen of Delaware and Illinois.

17.     Because Plaintiff and Corelle are not citizens of the same state, complete diversity exists among the parties.

### B. Matter in Controversy Exceeds Jurisdictional Limits

18.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

19.     A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a

11312213

complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

20.     "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938)).

21.     "A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis original); *see also Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

22.     Plaintiff alleges she suffered "painful and disruptive and disabling injuries" when she dropped a plate manufactured by Corelle, causing it to break and rupture the extensor tendon of her left index finger. (FAC ¶ 12.)

23.     As a result of the severed tendon, Plaintiff alleges she has suffered "loss of function, great pain and disfigurement," requiring surgery to repair the damage. (*Id.*)

24.     Plaintiff's claimed damages also include (i) scarring, (ii) medical expenses associated with past, present, and future diagnoses, treatment, medication, therapies, injections, surgical repairs, and "related purposes," (iii) past, present, and future disruption in her ability to sleep, in her ability to go about her daily routine, and in her ability to enjoy life's pleasures and activities. (*Id.* ¶¶ 13–14.)

4

25.    Still further, Plaintiff asserts that, as a result of the injuries suffered on August 9, 2019, she has suffered damages in the form of lost work, lost wages, and a reduction in her future earning capacity. (*Id.* ¶ 15.)

26.    Plaintiff asserts that her injuries are "chronic and permanent" and, therefore, will continue to cause her limitations indefinitely into the future. (*Id.*)

27.    Consistent with Conn. Gen. Stat. § 52–91, Plaintiff's states only that she seeks damages "in excess of" $15,000. (Ex. J, Pl.'s Statement of Amount in Demand.)

28.    The amount in controversy, however, "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (citations omitted).

29.    Plaintiff's allegation that she suffered a ruptured tendon requiring surgical intervention and resulting in permanent and ongoing injuries—including lost wages and lost earning capacity—is, in and of itself, sufficient to satisfy the matter-in-controversy threshold. *Parker v. ACE Am. Ins. Co.*, No. 20-cv-1773, 2021 WL 293776, at *4 (D. Conn. Jan. 28, 2021) (denying remand and describing arguments that the amount in controversy was not satisfied where surgery and loss of earning capacity were alleged as "perplexing" and "without legal or factual support").

30.    Plaintiff's pre-suit settlement demand provides further evidence that any verdict in this case has the potential to exceed $75,000.

31.    Federal courts routinely consider settlement demands in evaluating whether diversity jurisdiction exists over a case. *See, e.g.*, *Allen v. Ruby Tuesday, Inc.*, No. 3:06-cv-149, 2006 WL 2790431, at *3 (D. Conn. Sept. 26, 2006).

11312213

32.     In this instance, in May 2021, Plaintiff submitted a pre-suit demand to Corelle in claiming over $40,000 in already-incurred medical expenses. (*See* Ex. K, Demand Letter.) On top of that, she seeks $250,000 in non-economic damages for pain, suffering, and disfigurement. Plus, the pre-suit demand—while totaling over $290,000—does not mention any amount for lost wages and diminished earning capacity, nor would the letter have accounted for any additional medical costs incurred by Plaintiff since May 2021. Both of these elements are now part of Plaintiff's Complaint.

33.     Corelle thus avers that the matter in controversy exceeds $75,000, exclusive of interest and costs.

### III.    PROCEDURAL ELEMENTS OF REMOVAL

34.     A notice of removal must be filed within thirty days after the formal service of original process on a defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001).

35.     Corelle's outside counsel accepted service of process on July 1, 2022. As such, removal is timely because Plaintiff's prior attempts to serve Corelle at the Rosemont Address were ineffectual. *See Elbardissy v. Beta Theta Pi*, MMXCV156013197S, 2016 WL 550673, at *4 (Conn. Super. Jan. 12, 2016) ("[I]f the plaintiff has not proven that the defendant has disappeared, and the parties do not dispute that process was not mailed to the defendant's actual address, then service is ineffective—regardless of the plaintiff's diligence in seeking out the defendant.")

36.     This action is properly removed to the United States District Court for the District of Connecticut because Plaintiff's Complaint was originally filed in the Connecticut Superior Court, which lies geographically within this district. *See* 28 U.S.C. §§ 86, 1441(a).

11312213

37.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because Corelle is the only defendant named in this action, the unanimity requirement is satisfied.

38.     Copies of all process, pleadings, and orders filed in the underlying state court action are collectively attached hereto as Exhibit L.

39.     Contemporaneously with the filing of this Notice of Removal, Corelle will give written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Superior Court for the Judicial District of Stamford.

40.     No previous application has been made for the relief requested in this Notice of Removal.

41.     Within seven (7) days of the filing of this removal, Corelle will file its statement pursuant to Local Rule 5(b).

42.     All procedural elements for removal have been satisfied.

## IV.     RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

43.     If any question arises as to the propriety of the removal of this action, Corelle respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

44.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Corelle's right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or

7

11312213

(h) any other procedural or substantive defense available under state or federal law.

## V.    JURY DEMAND

45.    Corelle demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Corelle Brands LLC respectfully requests this Honorable Court to exercise jurisdiction over this matter and to take any other action necessary to effectuate the removal of this action to the United States District Court for the District of Connecticut.

Respectfully Submitted,
DEFENDANT,
CORELLE BRANDS LLC

Mark K. Ostrowski (ct03378)
Sarah E. Dlugoszewski (ct30292)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5216
mostrowski@goodwin.com
SDlugo@goodwin.com

11312213

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the federal CM/ECF system and will place a copy of the same in regular U.S. mail, postage pre-paid, to the following counsel of record:

Jeremey Vishno
VISHNO LAW FIRM
183 Sherman Street
Fairfield, CT 06824
Tel: 203-256-2373
Fax: 203-850-7462
jvishno@vishnolaw.com
*Attorney for Plaintiff*

Mark K. Ostrowski

11312213