# EXHIBIT A

RETURN DATE: ~~APRIL 9~~, 2022
                  MAY 3

| | | |
|---|---|---|
| MELISSA BARNETT | : | JUDICIAL DISTRICT |
| V. | : | OF STAMFORD |
| CORELLE BRANDS LLC | : | MARCH 17, 2022 |

AMENDED
**COMPLAINT**

Product Liability per C.G.S. §§52-572m et seq.

1. At all times herein described the defendant, CORELLE BRANDS LLC (hereafter "Corelle"), was and is a foreign limited liability entity organized and existing under the laws of the State of Delaware, with its principal place of business located at 9525 W Bryn Mawr Ave., Suite300, Rosemont Illinois, and is registered to do business in the State of Connecticut as such.

2. At all times herein described, the plaintiff, Melissa Barnett (hereafter "Barnett") was a resident of the Town Riverside, County of Fairfield, State of Connecticut.

3. At all times herein described, Corelle was a product seller as defined in §52-572m(a), et seq., of the Connecticut General Statutes, and was specifically in the business of selling home goods including plates, bowls and related items for use in private residences.

4. At all times herein described, Corelle had products that entered the stream of commerce throughout the entire United States, and specifically including the State of Connecticut.

5. At some time prior to August 9, 2019, Corelle manufactured and/or sold one of its products, to wit, a Corningware French White stoneware dinnerware plate (hereafter the "plate").

6. At all times herein described, the plate was advertised and/or held out as a shatterproof product.

7. At all times herein described, the shatterproof plate designation was designed and marketed to induce purchasers to buy this plate specifically for its shatterproof properties.

8. On or prior to August 9, 2019, Barnett came into possession of the plate.

9. On August 9, 2019, Barnett was handling the plate in her kitchen when it made contact with her kitchen counter, a drying rack or other solid material in the ordinary course of handling it.

10. On said date, and on contact, the shatterproof plate shattered.

11. On said date and as a result of the shattering plate, Barnett suffered injuries and related damages.

12. Barnett suffered the following painful and disruptive and disabling injuries:
    a. Laceration of the left index finger;

    b. Tear and/or rupture and/or laceration of the left index finger extensor tendon overlying the proximal phalanx, causing loss of function, great pain and disfigurement, requiring suturing and surgical repair;

    c. Scarring and/or surgical scarring;

    d. Loss of function, including strength, mobility and/or flexibility;

    e. Mental and physical pain and suffering due to the injury and pain to her finger and hand.

13. As a further result of her injuries, Barnett has incurred, and may continue to incur, medical expenses associated with diagnoses, treatment, medication, therapies, injections, surgical repairs and related purposes.

14. As a further result of her injuries during the aforesaid incident Barnett suffered and may continue to suffer a disruption of her ability to sleep comfortably, go about her daily routine without limitation, and has suffered a loss of life's pleasures and activities and a decrease in her capacity to engage in and enjoy life's activities.

15. As a further result of her injuries during the aforesaid incident, Barnett has suffered lost time from work, lost earnings, and may suffer future lost earnings and/or a loss or reduction of her earning capacity due to a chronic and permanent diminution of her ability to use the injured parts of her body.

16. CORELLE is liable and legally responsible to Barnett for the injuries and damages set forth hereinabove by virtue of §§52-572m *et seq.* of the Connecticut General Statutes, including in one or more of the following ways:

    a. In that it manufactured, distributed and/or the plate to Barnett in a defective and/or unreasonably dangerous condition and could not be used without unreasonable risk of injury;

    b. in that it misrepresented to its customers, including Barnett, that the plate was in a reasonably safe condition for normal household uses;

    c. in that it breached an implied warranty of merchantability in that the plate was not of a merchantable quality and was not fit for its intended purpose; and

    d. in that it breached its express warranty that the plate was fit for its intended purpose.

17. From the time of its sale until the incident the plate was not altered or modified in any way by Barnett, or anyone else.

18. At the time of Barnett's incident leading to injury, Barnett was using the plate in an expected manner and was not misusing it in any unreasonable and/or unexpected fashion.

WHEREFORE, Barnett seeks

1. Compensatory damages; and

2. such other and further relief as the court deems appropriate.

MELISSA BARNETT

BY: _____

Jeremy Vishno,
Vishno Law Firm
183 Sherman Street
Fairfield, CT 06824
p. 203-256-2373
f. 203-850-7462
juris #402819
jvishno@vishnolaw.com

RETURN DATE: ~~XXXXX9~~, 2022
                  MAY 3

| | | |
|---|---|---|
| MELISSA BARNETT | : | JUDICIAL DISTRICT |
| V. | : | OF STAMFORD |
| CORELLE BRANDS LLC | : | MARCH 17, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount of demand, exclusive of interest and costs, is in excess of Fifteen Thousand ($15,000.00) Dollars.

MELISSA BARNETT

BY: _____
Jeremy Vishno,
Vishno Law Firm
183 Sherman Street
Fairfield, CT 06824
p. 203-256-2373
f. 203-850-7462
juris #402819
jvishno@vishnolaw.com